(No. 48147.—

MELVIN B. LEWIS, Petitioner, v. ROBERT JEROME DUNNE *et al.*, Respondents.

*Announced January 19, 1976.—Opinion filed March 18, 1976.*

Melvin B. Lewis, of Chicago, *pro se.*

Bernard Carey, State's Attorney, of Chicago, for respondents Robert Jerome Dunne *et al.*

Andrew M. Raucci, of Chicago, for respondent Michael J. Cunningham.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On December 29, 1975, the Cook County Officers Electoral Board entered an order sustaining certain objections to the nominating papers of petitioner, Melvin B. Lewis, who sought nomination in the March 16, 1976, primary election as the Democratic candidate for the office of judge of the Appellate Court, First Judicial District, to fill the vacancy created by the retirement of the Honorable Robert E. English. While review of that decision was pending in the circuit court of Cook County (Ill. Rev. Stat. 1973, ch. 46, par. 10–10.1), petitioner was granted leave to file an original action in this court. On January 19, 1976, after hearing oral argument and upon consideration of the papers here on file, we determined the petition should be treated as one for a writ of *mandamus*. Considering the petition as such, we ordered that a writ of *mandamus* issue commanding the members of the Cook County Officers Electoral Board to expunge its order sustaining the objections to petitioner's nominating papers; to enter an order denying such objections; and to transmit to the State Board of Elections a certified copy of its ruling in the manner provided by section 10–10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 10–10). This opinion states the reasons for that order.

The nominating papers filed by petitioner with the State Board of Elections included petitions signed by Democratic Party primary electors requesting that his name appear on the ballot for the office in question, and a statement of candidacy sworn to by petitioner in which he confirmed various matters regarding his qualification for the office. The office for which the nominating papers were filed was described on the electors' petitions as "Judge of the Appellate Court of Illinois, First Judicial

District, to fill the vacancy created by the retirement of the Honorable Robert E. English." The statement of candidacy, however, described the office as "Judge of the Appellate Court of Illinois, First Judicial District" without indicating the particular vacancy. The basis for the objections filed by respondent Michael J. Cunningham was that section 7—10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7—10) requires that the specific vacancy be designated in the statement of candidacy as well as in the petitions signed by electors, and that petitioner's failure to do so rendered the nominating papers invalid.

The matter was referred by the State Board of Elections to the Cook County Officers Electoral Board, which is designated by section 10—9 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 10—9) as the body to hear and pass upon objections to nominating petitions under these circumstances. By a 2 - 1 decision, the board denied petitioner's motion to dismiss for want of jurisdiction and entered an order sustaining the objections to his nominating papers. Although petitioner's suit in this court is concerned primarily with whether the electoral board was properly constituted, determination of that issue alone would still leave the underlying substantive question of the validity of petitioner's nominating papers to be resolved either in a hearing before a newly constituted electoral board or by a further hearing in the circuit court of Cook County in the pending review of the board's present decision. It is evident neither course could be completed sufficiently in advance of the primary election to allow petitioner a fair opportunity to conduct a campaign, should the substantive issue be decided in his favor. The materials on file in this court adequately present a very narrow and clearly defined question of statutory construction as to which the pertinent facts are not in dispute. Accordingly, in view of the desirability for prompt resolution of this matter, we decided the electoral board's decision on the substantive question should be reviewed here.

Among the various provisions of section 7—10 of the Election Code prescribing the form and content of nominating petitions for public office is the requirement that "[t]he name of no candidate for nomination *** shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in substantially the following form:

> We, the undersigned, members of and affiliated with the . . . . . . . . party and qualified primary electors of the . . . . . . . party, in the . . . . . . of . . . . . . ., in the county of . . . . . . . and State of Illinois, do hereby petition that the following named person or persons shall be a candidate or candidates of the . . . . . . . . party for the nomination for *** the office or offices hereinafter specified, to be voted for at the primary election to be held on the . . . . . day of . . . . . . . . A.D. . . . . . . .

| Name | Office | Address |
|------|--------|---------|
| John Jones | Governor | Belvidere, Ill. |
| Thomas Smith | Attorney General | Oakland, Ill. |

> Name . . . . . . . . . . . . . . Address . . . . . . . . . . . . . . . . . .

The prescribed form of petition also contains a sworn certificate as to the genuineness of the signatures, party affiliation and correctness of residence of those signing the petition.

Section 7—10 further provides that "[e]ach petition shall include as a part thereof, a statement of candidacy for each of the candidates filing, or in whose behalf the petition is filed. This statement shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is a qualified primary voter of the party to which the petition relates and is qualified for the office specified ***, shall state that he has filed a statement of economic interests as required by the Illinois Governmental Ethics Act, shall request that the candidate's name be placed upon the official ballot, and shall be subscribed and sworn to by such candidate before some

officer authorized to take acknowledgment of deeds in the State and shall be in substantially the following form:

### Statement of Candidacy

| Name | Address | Office | District | Party |
|------|---------|--------|----------|-------|
| John Jones | 102 Main St. Belvidere, Illinois | Governor | Statewide | Republican |

State of Illinois )
                ) ss.
County of . . . . . . . )

I, . . . . . . . ., being first duly sworn, say that I reside at . . . . . . . . Street in the city (or village) of . . . . . . . in the county of . . . . . . . . State of Illinois; that I am a qualified voter therein and am a qualified primary voter of the . . . . . . . party; that I am a candidate for nomination *** to the office of . . . . . . . . to be voted upon at the primary election to be held on the . . . . . day of . . . . . . . A.D. . . . .; that I am legally qualified (including being the holder of any license that may be an eligibility requirement for the office I seek the nomination for) to hold such office and that I have filed a statement of economic interests as required by the Illinois Governmental Ethics Act and I hereby request that my name be printed upon the official primary ballot for nomination for *** such office.

Signed . . . . . . . . . . . . . . . . . . . . . . .
Subscribed and sworn to (or affirmed) before me by . . . . . . ., who is to me personally known, this . . . . . day of . . . . . . A.D. 19 . . . .

Signed . . . . . . . . . . . . . . . . . . . . . . .
(Official Character)
(Seal, if officer has one.)

The general purpose of section 7—10 and related provisions of the Election Code is to provide an orderly procedure whereby qualified persons seeking public office may enter primary elections. The petitions signed by electors and the statement of candidacy sworn to by the prospective candidate are each intended to serve particular purposes in this regard. While their sufficiency must be

determined with reference to the particular function each was designed to accomplish, it was not intended that for all purposes they should be considered separate and apart as if the other did not exist. To the contrary, section 7—10 provides that nominating petitions shall include a statement of candidacy "as a part thereof."

We do not agree with the electoral board's determination that petitioner's failure to specify the vacancy in the statement of candidacy rendered his nominating papers invalid. Those papers, of which the statement of candidacy was a part, clearly stated the particular vacancy. There was no conflict or inconsistency between the description of the office in the petitions signed by electors and the statement of candidacy, and in our opinion there was no basis for confusion as to the office for which the nominating papers were filed. The State Board of Elections and the Cook County Officers Electoral Board obviously had no difficulty in ascertaining that petitioner was seeking nomination for the office of judge of the Appellate Court, First Judicial District, to fill the vacancy created by the retirement of the Honorable Robert E. English.

The apparent purpose of the requirement that a statement of candidacy be included as a part of a candidate's nominating papers is to obtain a sworn statement from the candidate establishing his qualifications to enter the primary election for the office he seeks. In this respect, we perceive no difference in the qualifications for "Judge of the Appellate Court, First Judicial District," and "Judge of the Appellate Court, First Judicial District, to fill the vacancy created by the retirement of the Honorable Robert E. English." In our judgment, petitioner substantially complied with the provisions of section 7—10 which require that the statement of candidacy set out "the office for which he is a candidate," and we hold that the decision of the Cook County Officers Electoral Board to the contrary was in error.

In view of the foregoing determinations, it is unnecessary to consider the questions raised by petitioner concerning the composition of the electoral board.

For these reasons, the writ of *mandamus* was awarded.

*Writ awarded.*