JAMES B. SULLIVAN, Plaintiff-Appellant, v. THE COUNTY OFFICERS ELECTORAL BOARD OF DU PAGE COUNTY *et al.*, Defendants-Appellees.

Second District   No. 2—92—0175

Opinion filed March 3, 1992.

James Bryan Sullivan, of Oak Brook, appellant *pro se.*

Thomas C. Kellegan, of Wheaton, and Patrick K. Bond and Mary E. Dickson, both of Schirott & Hervas, P.C., of Itasca, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, James Sullivan, appeals from a judgment of the circuit court of Du Page County in an action for judicial review of a decision of the County Officers Electoral Board of Du Page County (Board). The circuit court upheld the Board's decision to allow the name of defendant, Hugh R. Murphy, to remain on the March 17, 1992, primary ballot for the office of Republican precinct committeeman in precinct 129 of York Township in Du Page County. Sullivan contends that Murphy's name should have been removed from the primary ballot because his statement of candidacy erroneously listed the office sought as precinct committeeman for precinct 129 of Oak Brook Township and because Murphy, while acting as a deputy registrar, illegally solicited signatures on his nominating petition from newly registered voters. We affirm.

In December 1991 Murphy submitted a nominating petition for the above office to the Board. The petition consisted of four sheets containing a total of 42 signatures. There was a statement near the top of all four sheets that Murphy was seeking election to the office of Republican precinct committeeman for precinct 129 of York Township.

As required by section 7—10 of the Election Code (Code) (Ill. Rev. Stat. 1989, ch. 46, par. 7—10), Murphy attached a statement of candidacy to his petition. On this statement he erroneously listed the office sought as precinct committeeman for precinct 129 of Oak Brook Township. There is no Oak Brook Township. Precinct 129 of York Township is, however, located in the Village of Oak Brook.

Plaintiff filed objections with the Board to Murphy's petition. One objection was based upon the above error in Murphy's statement of candidacy. Another was that three persons who signed the petition did so in connection with being registered to vote by Murphy who, as the incumbent precinct committeeman, was also a deputy registrar (see Ill. Rev. Stat. 1989, ch. 46, par. 6—50.2(a)). Plaintiff contended that this was a violation of section 6—50.2(e) of the Code (Ill. Rev. Stat. 1989, ch. 46, par. 6—50.2(e)), which prohibits deputy registrars from electioneering or promoting any cause during the performance of their duties. Plaintiff further contended that these alleged violations should result in Murphy's removal from the ballot.

The Board held a hearing on the objections. On January 9, 1992, it issued a written decision overruling the objections and stating that Murphy's name would appear on the ballot. Plaintiff sought judicial review of the decision in the circuit court of Du Page County which upheld it in an order dated February 5, 1992. Plaintiff now appeals.

■ Access to a position on the ballot is a substantial right which should not be lightly denied. (*Welch v. Johnson* (1992), 147 Ill. 2d 40, 56.) Thus, a minor error in a nominating petition should not result in a candidate's removal from the ballot. (See *Ryan v. Landek* (1987), 159 Ill. App. 3d 10, 15-16.) In *Lewis v. Dunne* (1976), 63 Ill. 2d 48, certain information regarding the office for which the candidate sought nomination was inadvertently omitted from the statement of candidacy but was present in the candidate's nominating petition. Our supreme court held that there was substantial compliance with section 7—10 of the Code and the candidate's name should appear on the ballot. (*Lewis*, 63 Ill. 2d at 53.) In so holding the court noted that there "was no basis for confusion as to the office for which the nominating papers were filed" nor was there any conflict between the statement of candidacy and the nominating petition in this regard. 63 Ill. 2d at 53.

■ Likewise the candidate's error in his statement of candidacy in the case at bar does not create any confusion as to the office for which his nominating papers were filed. Because Murphy could not possibly be seeking office in Oak Brook Township, which does not exist, it is obvious that he is seeking office in York Township, as stated

four times in his nominating petition. Here, unlike *Lewis*, the statement of candidacy conflicts on its face with the nominating petition, but that conflict is readily resolved in light of the fact that there is no Oak Brook Township. We therefore conclude that the Board correctly overruled this objection.

■ Plaintiff's second objection was properly overruled as well. Under section 10—10 of the Code, if a candidate's right to a position on a primary ballot is challenged an electoral board is to consider "whether or not *** [the] nomination papers or petitions are in proper form, and whether or not they were filed within the time and under the conditions required by law" and whether the papers are genuine. (Ill. Rev. Stat. 1989, ch. 46, par. 10—10.) As an administrative agency created by statute, the Board may only exercise the powers conferred upon it by the legislature. *Kozel v. State Board of Elections* (1988), 126 Ill. 2d 58, 68.

■ Plaintiff's second objection clearly has nothing to do with the form of Murphy's nomination papers, their timeliness, or whether they were genuine. With regard to the office sought by Murphy, the conditions under which such papers must be filed are set forth in sections 7—10, 7—10.1, and 7—10.2 of the Code (Ill. Rev. Stat. 1989, ch. 46, pars. 7—10, 7—10.1, 7—10.2). There is nothing in these provisions which concerns signatures collected by individuals during the performance of their duties as deputy registrars. We therefore conclude that plaintiff's second objection was not a valid objection to Murphy's nominating petition, and it was properly rejected by the Board. If Murphy did knowingly violate section 6—50.2(e) of the Code (Ill. Rev. Stat. 1989, ch. 46, par. 6—50.2(e)), however, he would be subject to prosecution for a Class A misdemeanor (see Ill. Rev. Stat. 1989, ch. 46, par. 29—12).

The Board has filed a motion to dismiss this appeal because of the expense and other difficulties that would result if Murphy's name were removed from the ballot. In light of our disposition of this appeal, it is not necessary to consider this motion.

For the above reasons, the judgment of the circuit court of Du Page County upholding the Board's decision is affirmed.

Affirmed.

GEIGER and WOODWARD, JJ., concur.