FIRST DIVISION

May 26, 1998

No. 1-98-0532

NADINE M. ZAPOLSKY, ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Cook County.

)

v. )

)

COOK COUNTY OFFICERS ELECTORAL )

BOARD and its members HON. )

DAVID D. ORR (by his designee )

Daniel P. Madden); HON. AURELIA )

PUCINSKI (by her designee Jeff )

Jacob); HON. RICHARD A. DEVINE )

(by his designee David A. )

Bonoma); LAURA A. POTTER, )

Objector; DAVID ORR, in his )

official capacity as COUNTY CLERK )

OF COOK COUNTY; THE BOARD OF )

ELECTION COMMISSIONERS OF THE )

CITY OF CHICAGO, ILLINOIS, )

and its member Commissioners )

LANGDON D. NEAL, RICHARD A. )

COWEN, THERESA M. PETRONE, )

in their official capacities, ) Honorable

) Donald Devlin,

Respondents-Appellees. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Petitioner, Nadine M. Zapolsky, seeks judicial review of a judgment of the trial court affirming the decision of the Cook County Officers Electoral Board (Electoral Board) which declared the nominating papers of petitioner invalid and removed petitioner from the Democratic Party primary ballot for March 17, 1998.   On appeal, petitioner contends the Electoral Board's decision was erroneous because it misinterpreted section 7-10 of the Election Code (10 ILCS 5/7-10 (West 1996)).  We affirm.

Petitioner filed papers as a candidate for the Democratic Party nomination for the office of commissioner of the Metropolitan Water Reclamation District of Greater Chicago (Reclamation District).  Her nominating papers included her receipt of filing of her statement of economic interests, her statement of candidacy, her affirmation of loyalty, and nominating petitions containing signatures of voters.   

 Both her statement of candidacy and her receipt for filing of her economic interests described the office sought by  petitioner as:

"Commissioner of the Metropolitan Water Reclamation District of Greater Chicago to fill the vacancy for the unexpired two (2) year term."

 The nominating petitions, signed by voters, described the office sought by petitioner as:

"Commissioner of the Metropolitan Water Reclamation District of Greater Chicago."

Laura Potter objected to the papers on grounds which included, 
inter alia
, that the identification of the office on the nominating petitions was confusing.   Specifically, paragraph 21 of her objection alleged:

"21.  The Nomination Papers contain petition sheets circulated and filed on behalf of the Candidate [that] merely list the office sought as 'Commissioner of the Metropolitan Water Reclamation District of Greater Chicago' and do not identify the vacancy for which they are filed, to fill the unexpired two year term of Joseph Gardner and such are not a proper or complete description of the office sought by the Candidate, and all such petition sheets and all signatures contained therein are invalid.  Failure to properly identify the particular vacancy sought, particularly where there are at large positions for six year terms as Commissioners of the Metropolitan Water Reclamation District of Greater Chicago that will be on the ballot for nomination by electors of the Democratic Party on March 17, 1998 creates confusion in the mind of the public and does not adequately inform signers of the Candidate's petitions of the office being sought."

After a hearing, the Electoral Board sustained this objection, declared the nominating petitions confusing and invalid for failing to comply with section 7-10 of the Election Code (10 ILCS 5/7-10 (West 1996)), and removed petitioner's name from the primary ballot.  Petitioner filed for judicial review in the circuit court.  The circuit court affirmed the Electoral Board's decision and petitioner filed this appeal.

On appeal, the issue is whether the Electoral Board erred in determining that petitioner failed to comply with section 7-10 of the Election Code.  10 ILCS 5/7-10 (West 1996).  Since the issue is a question of law, our review is 
independent of the Electoral Board, and not deferential.  
Stephens v. Education Officers Electoral Board, Community College District No. 504
, 236 Ill. App. 3d 159, 161 (1992).  

Section 7-10 of the Election Code prescribes the form and content of nominating petitions for public office.  Section 7-10 provides that the name of no candidate for nomination shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf and it contains, among other things, the office that the candidate seeks.   The prescribed form of petition also contains a sworn certificate as to the genuineness of the signatures, party affiliation and correctness of residence of those signing the petition.

Section 7-10 further provides:

"Each petition must include as a part thereof, a statement of candidacy for each of the candidates filing, or in whose behalf the petition is filed.  This statement shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is a qualified primary voter of the party to which the petition relates and is qualified for the office specified ***, shall state that he has filed (or will file before the close of the petition filing period) a statement of economic interests as required by the Illinois Governmental Ethics Act, shall request that the candidate's name be placed upon the official ballot, and shall be subscribed and sworn to by such candidate *** ."  10 ILCS 5/7-10 (West 1996).

Petitioner cites 
Lewis v. Dunne,
  63 Ill. 2d 48 (1976), in support of her claim that the Election Board misinterpreted section 7-10.  
Lewis
 addressed a judicial candidate who failed to designate the specific vacancy in his statement of candidacy as required by section 7-10 of the Election Code, but did specifically state the vacancy he sought on his nominating petitions signed by the voters.   The court held that Lewis was entitled to have his name placed on the ballot because "there was no basis for confusion as to the office for which the nominating papers were filed."   
Lewis
, 63 Ill. 2d at 53.

The court further found:

"The apparent purpose of the requirement that a statement of candidacy be included as a part of a candidate's nominating papers is to obtain a sworn statement from the candidate establishing his qualifications to enter the primary election for the office he seeks.  In this respect, we perceive no difference in the qualifications for Judge of the Appellate Court, First Judicial District, and Judge of the Appellate Court, First Judicial District, to fill the vacancy created by the retirement of the Honorable Robert E. English.  In our judgment, petitioner substantially complied with the provisions of section 7-10 which require that the statement of candidacy set out 'the office for which he is a candidate,' and we hold that the decision of the Cook County Officers Electoral Board to the contrary was in error."  
Lewis
, 63 Ill. 2d at 53.

Lewis
 is distinguishable.  
Lewis
 addressed a statement of candidacy, signed by the candidate, which did not specifically name the vacancy sought and its relationship to petitions, signed by numerous voters, which did specifically name the vacancy.   The court focused its analysis on the statement of candidacy, its import in the nominating papers and its purpose in conjunction with the nominating petitions.  The court found that the apparent purpose of the requirement that a statement of candidacy be included as a part of a candidate's nominating papers was to obtain a sworn statement from the candidate establishing his qualifications to enter the primary election for the office he sought.  The court reconciled the discrepancy in the documents in favor of retaining the candidate on the ballot by finding that the statement of candidacy was in substantial compliance with the statute because there "was no basis for confusion as to the office for which the nominating papers were filed."  
Lewis
, 63 Ill. 2d at 53.

Here, we address not the statement of candidacy, but the nominating petitions that must be signed by registered voters.  10 ILCS 5/7-10 (West 1996).  The apparent purpose of the nominating petitions signed by voters is to expand the informed participation of members of the respective parties in their primary election.  Nominating petitions should be free from a "basis for confusion" as to the office for which they are filed.

A potential signatory to a nominating petition has the right to know the specific vacancy sought by the candidate so that the signatory may make an informed decision to sign the petition or support another candidate for the same vacancy.

It is uncontroverted that there were numerous vacancies on the Reclamation District up for election and that petitioner's  nominating petitions did not specifically name the vacancy sought by petitioner.   Further, it is uncontroverted that petitioner obtained signatures from registered voters by failing to inform them of the specific vacancy she sought.  

We find that petitioner's nominating petitions failed to comply strictly or substantially with section 7-10 of the Election Code (10 ILCS 5/7-10 (West 1996)), because the petitions were not free from a "basis for confusion" as to the office for which they were filed.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

CAHILL, J., and WOLFSON, J., concur.