FIRST DIVISION
Filed: 5-14-07

No. 1-07-0851

| | | |
|---|---|---|
| ROBERT A. PASCENTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OFFICERS ELECTORAL BOARD | ) | |
| OF THE COUNTY OF COOK, DAVID ORR, | ) | No. 2007 COEL 0048 |
| Chairman, by DANIEL P. MADDEN, RICHARD | ) | |
| A. DEVINE, Member, by MICHAEL PRINZI, | ) | |
| DOROTHY BROWN, Member, by MARY | ) | |
| MELCHOR, constituting the members of the | ) | |
| Electoral Board, JOHN O'SULLIVAN, Candidate | ) | |
| and DAVID ORR, Cook County Clerk, | ) | Honorable |
| | ) | Paul A. Karkula, |
| Respondents-Appellees. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

The issue in this case is whether the nominating papers of candidate John O'Sullivan created a basis for confusion as to the office for which he was seeking election. On March 12, 2007, the County Officers Electoral Board of Cook County (the Board) found that O'Sullivan's nominating papers were valid and ordered his name placed on the ballot as a candidate for the office of township trustee of schools, township 39 north, range 12 east. On March 30, 2007, the Circuit Court of Cook County affirmed the decision of the electoral board. This opinion supplements our order affirming the trial court's decision and states the legal basis and reasoning for our decision.

BACKGROUND

On February 5, 2007, John O'Sullivan filed his nominating papers with the office of the township school treasurer. The papers included: a statement of candidacy, a loyalty oath, a receipt for the statement of economic interest that had been previously filed and six pages of nominating petition pages with signatures. All of his nominating papers stated that he was seeking the office of member of the regional board of school trustees. In his nominating petition, it stated that he sought "the office of MEMBER OF THE REGIONAL BOARD OF SCHOOL TRUSTEES, TOWNSHIP 39, RANGE 12 of Cook County."

The office of "Member of the Regional Board of School Trustees" is governed by section 6-2 of the School Code. See 105 ILCS 5/6-2 (West 2004). It was abolished in Cook County in 1992, though it exists elsewhere in the state. The office which O'Sullivan sought was township trustee of schools, which is governed by section 5-2 of the School Code. See 105 ILCS 5/5-2 (West 2004).

O'Sullivan's papers described the township simply as "39" and the range simply as "12." The papers should have stated "39 North" and "12 East." However, all townships in Cook County are north, and all ranges are east. As the election board noted, the "designation 'Township 39 North, Range 12 East' describes a Congressional Township that corresponds to the Political Townships of Proviso, Riverside and River Forest," the area in question.

O'Sullivan's nominating petition contained more signatures than required. His petition

contained 50 signatures, which was the number required for member of the regional board. See 105 ILCS 5/6-10 (West 2004) (nominating petition for member of regional board of school trustees must be signed by at least 50 voters). A nominating petition for school trustee required only 25 signatures. 105 ILCS 5/5-4 (West 2004) (nominating petition for township trustee of schools must be signed by at least 25 signatures).

Appellant Robert A. Pascente filed his objection to O'Sullivan's nominating papers, claiming that the papers specified the wrong office. On February 22, 2007, the County Officers Electoral Board held a hearing and heard arguments concerning Pascente's objection. The hearing consisted only of arguments and colloquy among counsel; no witnesses testified. On March 12, 2007, the Board issued a written decision finding that there was no basis for confusion, in the papers filed, as to the office which O'Sullivan sought. The Board ordered that O'Sullivan's "nominating papers are hereby declared valid" and O'Sullivan's name "shall be printed on the ballot for the General Election to be held on Tuesday, April 17, 2007."

On March 30, 2007, the circuit court of Cook County affirmed the decision of the electoral board and ordered O'Sullivan's name placed on the ballot. On April 2, 2007, a notice of appeal on behalf of objector Pascente was filed. For the reasons stated below, we affirmed.

ANALYSIS

The objector sought judicial review of the Board's decision in the circuit court under Section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2004)). Section 10.1 provides that an objector can obtain judicial review of an electoral board decision in the circuit court of the county where the election board's hearing was held. 10 ILCS 5/10-10.1 (West 2004).

Where an administrative board's decision is reviewed by a circuit court under section 10-10.1 of the Code (10 ILCS 5/10-10.1 (West 2004)), we review the decision of the board, not the court. Rita v. Mayden, 364 Ill. App. 3d 913, 919 (2006).

The standard of review for the case at bar is de novo. The question of interpreting whether a candidate complied substantially with the Election Code is a question of law. Salgado v. Marquez, 356 Ill. App. 3d 1072, 1075 (2005) ("[T]he question presented to us is whether Marquez's nominating petitions meet the requirements of section 7-10 of the Illinois Election Code [citation]. This is a question of law, which we review de novo); Heabler v. Municipal Officers Electoral Board, 338 Ill. App. 3d 1059,1060 (2003) ("We review the decision of the Electoral Board de novo because it involves a question of law"); Zapolsky v. Cook County Officers Electoral Board, 296 Ill. App. 3d 731, 733 (1998) ("[t]he issue is whether the Electoral Board erred in determining that petitioner failed to comply with section 7-10 of the Election Code"; "[T]he issue is a question of law").

The nominating papers of John O'Sullivan did not create a basis for confusion as to the office for which he was seeking election. Our Illinois Supreme Court has stated that a candidate is entitled to have his name placed on the ballot if "there was no basis for confusion as to the office for which the nominating papers were filed." Lewis v. Dunne, 63 Ill. 2d 48, 53 (1976). See also Heabler, 338 Ill. App. 3d at 1061; Zapolsky, 296 Ill. App. 3d at 734; Stevenson v. County Officers Electoral Board, 58 Ill. App. 3d 24, 27 (1978).

O'Sullivan's papers did not create "a basis for confusion" for two reasons. First, as the electoral board stated, "Township 39 N, Range 12 E has only one elective office in it, that of

4

School Trustee, and only one vacancy available at this election." If nominating papers describe only one possible vacancy in that district, then there is no basis for confusion. Bryant v. Cook County Electoral Board, 195 Ill. App. 3d 556, 557-59 (1990) (candidate's receipt for statement of economic interests described the office sought as "Fifteenth Representative District of the State of Illinois"; since "only one office of representative exists" in that district, the document "adequately informs the public"). When the description could include more than one vacancy in that district, there is then a basis for confusion. Salgado, 356 Ill. App. 3d at 1078 (nominating petitions did not list any office, except to state that a full-term office was sought; voters had no idea whether they were signing petitions to nominate for mayor, alderman for the second ward or alderman at large; as a result, the nominating petitions of the candidate did not substantially comply with the Election Code); Heabler, 338 Ill. App. 3d at 1063 (although there were two types of trustee offices to be filled, lasting either two years or four years, petitioner described the office as only "trustee"; "petitioner's nominating papers are invalid[,] because he failed to specify which of the two trustee positions he sought"); Zapolsky, 296 Ill. App. 3d at 735 (although there were two types of commissioner offices to be filled, lasting either two years or six years, the nominating petitions failed to specify which type and were found to be invalid). O'Sullivan's papers did not create a basis for confusion, because there was only one vacancy for election in the relevant district.

Second, there was no question as to which school trustee office O'Sullivan was seeking, because, as the objector concedes, there were only two possible offices, and one was abolished in 1992. Although the office O'Sullivan sought was township trustee of schools, his papers

5

identified the office as: "Member of the Regional Board of School Trustees." The regional board was abolished in Cook County in 1992, although it exists elsewhere in the state. See 105 ILCS 5/6-2(a) (West 2004) (by "Act of 1992 the regional board of school trustees *** for any territory in an educational service region containing 2,000,000 or more inhabitants is abolished"). There is no question which of the two offices O'Sullivan was seeking, because one office did not exist.

The case at bar is analogous to Stevenson. In Stevenson, the legislature had changed the name of the office, and some of the pages of the candidate's nominating petition used the old name. The legislature changed the title of the chief administrative officer from "superintendent of educational service region" to "regional superintendent of schools"; and some of the pages of the candidate's nominating petition still said "Superintendent of an Educational Service Region." Stevenson, 58 Ill. App. 3d at 26. The Stevenson court held that "there is no question as to the office" which the candidate was seeking. Stevenson, 58 Ill. App. 3d at 27.

The case at bar is similar to Stevenson because, like the candidate in Stevenson, O'Sullivan used an old, outdated description of the office he was seeking. Although the Regional Board was abolished in Cook County 15 years ago, he used the old title. However, as the court held in Stevenson, there is no question as to the office which he was seeking. The School Code states that "any reference" at law to the regional board of school trustees "shall mean *** the trustees of schools of the township" for any territory in which the board was abolished. 105 ILCS 5/6-2(b) (West 2004). Thus, after 1992, in Cook County, "regional board" means township "trustees of school."

The objector claims that, in addition to stating the wrong office, O'Sullivan also stated the

6

wrong jurisdiction, the wrong unit of government, and the wrong signature requirements. First, the objector argues that O'Sullivan stated the wrong jurisdiction by stating "Cook County outside the City of Chicago." As the objector concedes, this description is broad, but not wrong. Second, O'Sullivan described the unit of government as "Township 39, Range 12," instead of "Township 39 North, Range 12 East." However, as the Election Board noted, all townships in Cook County are north, and all ranges are east, so this error was de minimus. Third, O'Sullivan gathered 50 signatures as required for "Member of the Regional Board of School Trustees." 105 ILCS 5/6-10 (West 2004) (at least 50 voter signatures required). However, only 25 signatures were required for the office he actually sought, namely township trustee of schools. 105 ILCS 5/5-4 (West 2004) (at least 25 voter signatures). The mistake in signature numbers should not have confused voters, because it is highly doubtful that any voter knows which office requires which number of signatures.

The objector also argues that "basis for confusion" is the wrong standard for the court to use, because it is the candidate who was confused, not the voters who signed his nominating petitions. The objector claims that the candidate's use of the wrong office, government unit and signature requirement shows how confused the candidate was. Obviously, the candidate made mistakes. However, the legal standard is whether there was a basis for confusion among the public, not whether the candidate was confused. See Salgado, 356 Ill. App. 3d at 1079 ("Because the voters were completely unaware of which office Marquez sought, the nominating petitions do not reveal whether Marquez demonstrated a minimal appeal to the voters as alderman" (emphasis added). Zapolsky, 296 Ill. App. 3d at 734 ("Nominating petitions should be free from a 'basis for

7

confusion' as to the office *** [because a] potential signatory to a nominating petition has the right to know the specific vacancy sought"); <u>Bryant</u>, 195 Ill. App. 3d at 559 ("plaintiff's disclosure directed <u>the public</u> to the 'representative' unit of government and the precise district *** in which only one office of representative exists" (emphasis added)).

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County. The trial court affirmed the decision of the Cook County Officers Electoral Board, which held that John O'Sullivan's nominating papers did not create a basis for confusion and ordered his name placed on the ballot for the election on April 17, 2007. There was no basis for confusion as to which office the candidate was seeking, because, first, there was only one vacancy available at this election, and second, there were only two possible offices which his statement could have described and one was abolished years ago.

Affirmed.

McBRIDE, P.J. and CAHILL, J., concur.