# Illinois Official Reports

## Appellate Court

*Zurek v. Cook County Officers Electoral Board*, 2014 IL App (1st) 140446

| | |
|---|---|
| Appellate Court Caption | KENNETH P. ZUREK and JOSEPH J. PONZIO, Petitioners-Appellants, v. THE COOK COUNTY OFFICERS ELECTORAL BOARD, and its Members David Orr, Individually and as its Chairman, ANITA ALVAREZ, Individually and as Member, and DOROTHY BROWN, Individually and as Member, and BARRETT F. PEDERSON, Candidate for the Office of Township Committeeman Leyden Township Democratic Party, Respondents-Appellees. |
| District & No. | First District, Fifth Division<br>Docket Nos. 1-14-0446, 1-14-0460 cons. |
| Filed | March 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The respondent electoral board properly found that respondent candidate for a position as a Democratic township committeeman substantially complied with the requirements for being on the ballot, notwithstanding the fact that he used the wrong form for his "Statement of Candidacy" and did not state that he was "a qualified primary voter of the Democratic Party," since he did state that he was "a qualified voter," "a Democratic candidate for election to the office of Township Committeeman" and "legally qualified *** to hold such office"; therefore, the validity of his nominating papers was upheld. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 14-COEL-6, 14-COEL-7 cons.; the Hon. Alfred Paul, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | No brief filed for appellant Kenneth P. Zurek. |
| | |
| | John D. Spina, of Spina McGuire & Okal, P.C., of Elmwood Park, for appellant Joseph J. Ponzio. |
| | |
| | James P. Nally, of James P. Nally, P.C., of Chicago, and Burton S. Odelson, of Odelson & Sterk, Ltd., of Evergreen Park, for appellees. |

| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion. <br> Justices Palmer and Taylor concurred in the judgment and opinion. |

## OPINION

¶ 1    The issue before us is whether the current Democratic committeeman of an Illinois township should be barred from reelection and his name stricken from the ballot in the upcoming March 2014 primary election because he concededly used the wrong form for his "Statement of Candidacy" and thus failed to state, as he was statutorily required to do, that he was "a qualified primary voter of the Democratic Party" (see 10 ILCS 5/7-10 (West 2012)). He stated instead that he was: (1) "a qualified voter," (2) "a Democratic candidate for election to the office of Township Committeeman of Leyden Township, Illinois," and (3) "legally qualified *** to hold such office."

¶ 2    The Cook County Officers Electoral Board found that he was nonetheless in substantial compliance with the Election Code (10 ILCS 5/11-1 *et seq.* (West 2010)) and voted unanimously to place his name on the ballot, and the circuit court of Cook County agreed. For the following reasons, so do we.

¶ 3                          BACKGROUND

¶ 4    Barrett F. Pederson, who is the current Democratic committeeman of Leyden Township, Illinois, filed nomination papers seeking to have his name again placed on the ballot as a candidate for the same office in the March 18, 2014, primary election. However, as noted above, he used the wrong form, and, as a result, instead of stating as required by the Election Code that he was "a qualified primary voter of the Democratic Party" (see 10 ILCS 5/7-10 (West 2012)), his "Statement of Candidacy" stated that he was: (1) "a qualified voter," (2) "a Democratic candidate for election to the office of Township Committeeman of Leyden Township, Illinois," and (3) "legally qualified *** to hold such office."

¶ 5    Petitioners Kenneth Zurek and Joseph Ponzio objected to Pedersen's candidacy on the ground that Pedersen had failed to state under oath that he was "a qualified primary voter of the

- 2 -

Democratic Party," as expressly required by section 7-10 of the Election Code. 10 ILCS 5/7-10 (West 2012). After hearing argument from all parties, the Cook County Officers Electoral Board (Board) voted unanimously on January 21, 2014, to adopt the hearing officer's recommendation to overrule the objection and to find Pedersen's nominating papers valid.

¶ 6        The hearing officer's recommendation, which was attached to and adopted by the Board's decision, concluded that: "Here, the Candidate's affirmative disclosures on his Statement of Candidacy constitute substantial compliance with the dictates of the Election Code. As there is no evidence that the Candidate is not a qualified primary voter of the Democratic Party, his omission of the statutory language is a technical error and not substantive." In reaching this conclusion, the hearing officer observed that: "[W]hile the exact words 'qualified primary voter of the Democratic Party' are missing, the Statement of Candidacy does specify that the Candidate: [1] is a qualified voter in Leyden Township, [2] is a Democratic candidate for election to the office of Township Committeeman of Leyden Township; and, [3] that he is legally qualified to hold such office."

¶ 7        On February 15, 2014, the trial court heard argument and affirmed the Board's decision. For the following reasons, we also affirm the Board's decision.

¶ 8                                                    ANALYSIS

¶ 9        The objectors sought judicial review of the Board's decision in the circuit court under section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2012)). Section 10-10.1 provides that an objector can obtain judicial review of an electoral board's decision in the circuit court of the county where the election board's hearing was held. 10 ILCS 5/10-10.1 (West 2012).

¶ 10       Where an administrative board's decision has been reviewed by a circuit court under section 10-10.1 of the Code (10 ILCS 5/10-10.1 (West 2012)), the appellate court reviews the decision of the electoral board, rather than the decision of the circuit court. *Cortez v. Municipal Officers Electoral Board*, 2013 IL App (1st) 130442, ¶ 14; *Pascente v. County Officers Electoral Board*, 373 Ill. App. 3d 871, 873 (2007); *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008); *Rita v. Mayden*, 364 Ill. App. 3d 913, 919 (2006).

¶ 11       When the dispute concerns whether a candidate's nominating papers complied substantially with the Election Code, then the question is purely one of law and our standard of review is *de novo*. *Pascente*, 373 Ill. App. 3d at 873; *Salgado v. Marquez*, 356 Ill. App. 3d 1072, 1075 (2005) ("[T]he question presented to us is whether Marquez's nominating petitions meet the requirements of section 7-10 of the Illinois Election Code [citation]. This is a question of law, which we review *de novo*."))); *Heabler v. Municipal Officers Electoral Board*, 338 Ill. App. 3d 1059, 1060 (2003) ("We review the decision of the Electoral Board *de novo* because it involves a question of law.").

¶ 12       There is no dispute among the parties that the Election Code required Pedersen's Statement of Candidacy to state that he was "a qualified primary voter of the Democratic Party." See 10 ILCS 5/7-10 (West 2012). Section 7-10 of the Election Code provides that a Statement of Candidacy for a candidate for township committeeman "shall state that the candidate is a qualified primary voter of the party to which the petition relates." 10 ILCS 5/7-10 (West 2012).

Section 7-10 then provides a form for the candidate to use; but before setting forth the form, the section states first that the candidate's statement "shall be in *substantially* the following form." (Emphasis added.) 10 ILCS 5/7-10 (West 2012). The following form includes a statement by the candidate that he or she is "a qualified primary voter of the . . . . party." 10 ILCS 5/7-10 (West 2012).

¶ 13   There is also no dispute among the parties that Pedersen used the wrong form and that his Statement of Candidacy stated instead that he was: (1) "a qualified voter," (2) "a Democratic candidate for election to the office of Township Committeeman of Leyden Township, Illinois," and (3) "legally qualified *** to hold such office." The question before us on appeal is whether these three statements, on the facts before us, constitute substantial compliance with the Election Code.

¶ 14   Both petitioners argue that the doctrine of substantial compliance does not apply to this particular case. The doctrine is expressly provided for by the statute, which requires only that a petitioner's Statement of Candidacy "be in *substantially* the following form." (Emphasis added.) 10 ILCS 5/7-10 (West 2012).

¶ 15   In deciding whether the doctrine of substantial compliance applies here, we keep in mind that "[t]he primary objective of statutory interpretation is to give effect to the intent of the legislature." *Lacey v. Village of Palatine*, 232 Ill. 2d 349, 361 (2009). "Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous." *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 280 (2003).

¶ 16   Both petitioners argue that the doctrine of substantial compliance does not apply in the case at bar because the doctrine applies only to minor defects and this defect was not minor, and Pedersen's papers do not satisfy the apparent purpose of the statute. In support, they cite *Lewis v. Dunne*, 63 Ill. 2d 48, 53 (1976). See also *Cortez v. Municipal Officers Electoral Board*, 2013 IL App (1st) 130442, ¶ 40 ("The doctrine of substantial compliance will save a candidate's nominating papers only when the defect is minor and the papers still satisfy the apparent purpose of the statute's requirements." (Internal quotation marks omitted.)).

¶ 17   In *Lewis*, a primary candidate failed to specify the judicial vacancy that he was seeking to fill; and our supreme court found that his nominating papers were still in substantial compliance because "there was no basis for confusion as to the office for which the nominating papers were filed." *Lewis*, 63 Ill. 2d at 54. The *Lewis* case actually supports the Board's decision because, similar to *Lewis*, "there was no basis for confusion" in the case at bar about the candidate's party affiliation or about his eligibility to vote in the upcoming Democratic primary in Leyden Township, nor do the petitioners argue that there was any basis for confusion regarding these points.

¶ 18   Petitioners do not suggest that Pedersen was not, in fact, a qualified primary voter in the Democratic party. Thus, Pedersen's papers satisfied the apparent and stated purpose of the statute to insure that the candidate was, in fact, a qualified primary voter of the Democratic party and that the voters were aware of that fact. 10 ILCS 5/7-10 (West 2012) (the Statement of Candidacy "shall state that the candidate is a qualified primary voter of the party to which the petition relates"); *Goodman v. Ward*, 241 Ill. 2d 398, 409-10 (2011) (although the candidate signed the statutorily required statement that he was "legally qualified" for the office he sought, that statement was, in fact, "untrue" and thus did not satisfy the purpose of the statute);

*Lewis*, 63 Ill. 2d at 54 (discussing "the apparent purpose" of a particular statutory requirement and concluding that the candidate "substantially complied").

¶ 19 In addition, while "the statute does not affirmatively state that the sanction for a discrepancy in language is the striking of the entire candidacy," "the statute *does* state that the 'Statement of Candidacy' has to be only 'in substantially the following form.' " (Emphasis in original.) *Cortez*, 2013 IL App (1st) 130442, ¶ 19 (quoting 10 ILCS 5/7-10 (West 2010)); see also *O'Connor v. Cook County Officers Electoral Board*, 281 Ill. App. 3d 1108, 1113 (1996) ("If the legislature had intended to require that the nominating petition be in the *exact* form as set out in section 7-10, it would not have used the word 'substantially.' " (Emphasis in original.)). See also *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st) 120581, ¶¶ 27, 29 (Justice Joseph Gordon held that the phrase " 'in substantially the following form' " "applies to all, not some, of that section's requirements."). Thus, we do not find persuasive petitioners' argument that the statutory doctrine of substantial compliance does not apply.

¶ 20 Both petitioners argue that the term "qualified voter" is not the same as "qualified primary voter," and therefore a form stating the former is not in compliance with a form requiring the latter. Petitioner Zurek points out that the requirements in the form for general candidates are different from the requirements in the form for primary candidates, and that this difference is intended to insure that only members of a political party run for party office. In essence, petitioners argue that "the doctrine of substantial compliance should not apply where the legislature has specifically provided for different language for one form, as opposed to another form." *Cortez*, 2013 IL App (1st) 130442, ¶ 20. Rejecting this same argument in *Cortez*, we observed that it will "always be the case that one form says something different from another form; otherwise [the statute] would provide only one form." *Cortez*, 2013 IL App (1st) 130442, ¶ 20. To accept petitioners' argument would completely eliminate, in effect, the doctrine of substantial compliance.

¶ 21 Petitioners focus on the phrase "qualified voter." However, in addition to swearing that he was "a qualified voter," Pedersen's Statement of Candidacy also swore that he was "a Democratic candidate" and "legally qualified" to hold the office of Democratic township committeeman, thereby making clear that he was a member of the Democratic party. Again, as we observed above, petitioners do not contest that Pedersen is, in fact, a member of the party whose office he seeks.

¶ 22 Both petitioners cite *Cullerton v. Du Page County Officers Electoral Board*, 384 Ill. App. 3d 989 (2008). However, comparing this case to *Cullerton* is like comparing apples and oranges (or perhaps a pea to an elephant). "In *Cullerton*, the candidate attempted to run as the Democratic candidate for a legislative office, although he was secretly affiliated with and a primary voter of the Republican Party, and the court found his statement of candidacy false and disqualified his candidacy. The court's finding indicated fraud." *Lyons MVP Party v. Lyons, Illinois, Municipal Officers Electoral Board*, 407 Ill. App. 3d 1004, 1006 (2011) (discussing the *Cullerton* holding).

¶ 23 Unlike *Cullerton*, there are no allegations of fraud here. There is no suggestion that Pedersen is secretly affiliated with the Republican party and that his actual goal is to undermine the party system. The case at bar bears absolutely no relationship to *Cullerton*.

¶ 24                                CONCLUSION

¶ 25    For the reasons stated above, we do not find petitioners' arguments persuasive. Although we are mindful that the provisions of the Election Code are designed to protect the integrity of the electoral process, we believe that access to a place on the ballot is a substantial right not lightly denied. *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st) 120581, ¶ 45. The Illinois courts have historically favored access and have always guarded the right of voters to endorse and nominate candidates of their choice. *Lyons*, 407 Ill. App. 3d at 1007. As a result, we affirm the decision of the Board allowing Pedersen's name to remain on the ballot.

¶ 26    Affirmed.