# Illinois Official Reports

## Appellate Court

---

### *Daniel v. Daly*, 2015 IL App (1st) 150544

---

| | |
|---|---|
| Appellate Court Caption | ERIK L. DANIEL, Petitioner-Appellant, v. JOHN A. DALY, Candidate, EDUCATION OFFICERS ELECTORAL BOARD, South Suburban Community College of Cook Country, FRANK M. ZUCCARELLI, ANTHONY DeFILIPPO, and TERRY WELLS, in Their Individual Capacities as Members, MARTIN LAREAU, in His Capacity as District Board Secretary, STANLEY T. KUSPER, Jr., in His Capacity as District Board Attorney, Respondents-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-15-0544 |
| Filed | April 21, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-COEL-26; the Hon. James A. Zafiratos, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | McStephen O.A. Solomon, of Chicago, for appellant.<br><br>Laduzinsky & Associates, P.C., of Chicago (Steven M. Laduzinsky and Aisling S. O'Laoire, of counsel), for appellees. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Connors and Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1    Erik L. Daniel filed objections to the nomination papers of John A. Daly,[1] candidate for the office of trustee of the board of South Suburban Community College of Cook County District 510. After hearing, the Education Officers Electoral Board (Board) dismissed petitioner's "Objector's Petition." Petitioner sought review in the circuit court of Cook County, which affirmed the Board's decision. Thereafter, petitioner timely filed this expedited appeal arguing that the Board was not properly constituted when it issued its decision and that the Board's decision is arbitrary and not supported in law. After granting an expedited appeal, we affirmed the Board's order and the judgment of the circuit court by an order entered on March 26, 2015, stating that a written decision would issue at a later date. For the following reasons, we affirm the Board's order dismissing petitioner's objections.

¶ 2                                     BACKGROUND

¶ 3    On December 11, 2014 respondent, John A. Daly, filed nomination papers seeking to place his name on the April 7, 2015 ballot as a candidate for office of member of the Board of Trustees of the South Suburban Community College of Cook County District 510. These papers included 24 petition sheets containing a total of 262 signatures of individuals supporting Daly's nomination.

¶ 4    Petitioner, Erik L. Daniel, filed a "Verified Objector's Petition" objecting to the legal validity of almost all the signatures on Daly's petition sheets. Petitioner alleged that certain identified signators to Daly's petitions are not legal voters registered at the address shown on the petitions, they are not legal voters within the boundaries of the voting district, and 240 of the signatures are not genuine or were otherwise invalid, leaving Daly with 22 valid signatures and below the statutory required minimum of 50 signatures.

¶ 5    An initial public hearing was held before the Board on January 8, 2015. Petitioner and Daly were represented at the hearing by their counsel. At the initial hearing, the Board approved its "RULES FOR HEARINGS AND DECISIONS IN CASES OF OBJECTIONS TO NOMINATION PAPERS FOR THE OFFICE OF MEMBER OF THE BOARD OF TRUSTEES" pursuant to section 10-10 of the Election Code (10 ILCS 5/10-10 (West Supp. 2013)). The rules provide that the Board may consider preliminary motions similar to motions to dismiss under section 2-615 and section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2012)). The rules further provide that the Board may "require the objector to make a preliminary showing *** that certain of the factual allegations in the objector's petition are pled in good faith based on knowledge, information and/or belief formed after reasonable inquiry." A failure to adhere to the rules constitutes "grounds for striking of some or all of the allegations" or "for dismissal of the objector's petition."

¶ 6    Because Daniel's objection assailed almost every signature on Daly's petitions as invalid, and his verified objections stated that "he verily believes the same to be true and correct," Daly's counsel requested petitioner's presence at the next hearing in order to test that

_____

[1]Although in their briefs and throughout the common law record, the objector and the Board interchangeably spell the candidate's last name as "Daly" and "Daley," because the official nominating petition and ballot reflect that the candidate's last name is spelled "Daly," for consistency purposes, we will use this spelling.

verification and question the basis of his knowledge that 240 of the 262 signatures were invalid. The Board explained that, under its rules, which Daniel's counsel was aware of, it was appropriate for the petitioner to attend the next hearing and the Board could compel his attendance through the issuance of a subpoena. Petitioner's counsel agreed to produce petitioner for questioning at the next hearing scheduled for January 17, 2015, in lieu of compelling petitioner's attendance by subpoena. Daly's counsel stated that he would support his oral motion to dismiss with a written motion to dismiss to be filed the next day. At Daly's request, the Board issued a subpoena to the Cook County clerk's office for production of certified documents "relating to or evidencing any individuals accessing or using the computer system containing voter registration and signatures during the period of December 15, 2014 to December 30, 2014."

¶ 7 On January 9, 2015, Daly filed a motion to strike and dismiss the objector's petition reasserting his oral argument alleging that the petition was a "bad faith 'shot-gun' objection" to Daly's signed election petitions filed in support of his nomination. He argued that the objections to the signatures were overly broad and that petitioner had not used "any due diligence" and did not "make a good faith inquiry or investigation into the line by line objections" to the petition signatures. For instance, Daly argued that Daniel claimed that signators to the petition were not registered voters and that the same signators had their signatures forged, which is improbable since there would be no registration record to use for a signature comparison. Petitioner denied Daly's allegations.

¶ 8 On January 17, 2015, the Board convened to hear arguments on Daly's motion to dismiss. Petitioner did not attend that hearing. Daniel's attorney readily acknowledged that he had previously agreed to produce Daniel at the hearing without the need for a subpoena but stated that Daniel "refused" to attend, he did not have to attend and that he would not attend. The Board expressed its concern over petitioner's failure to appear at the hearing because it had intended to question him about the basis of his objections and the Board had not been given prior notice of petitioner's absence or had otherwise been advised that he did not intend to appear and respond to the Board's questions. The Board admitted into the record the county clerk's certified computer review log of its voting records, which showed that Daniel did not personally access the system before filing his objection.

¶ 9 Daly's counsel moved to strike petitioner's objections, citing petitioner's failure to appear, and argued that this failure justified an adverse inference that the petitioner would have testified in a manner detrimental to his verification that he had personal knowledge that the signatures on the petitions were invalid. Daly's counsel argued that the evidence in the record, the county clerk's certified computer review log, established that petitioner had not personally searched the registration records of the clerk's office to ascertain the truth of his broad, line-by-line "shot-gun" objections and, therefore, Daniel's verification that the signatures were invalid were not made in good faith because he had not personally examined the voter registration records. Petitioner's objections, Daly concluded, were not filed in good faith or formed after reasonable inquiry and should be dismissed.

¶ 10 During a lengthy exchange, the Board questioned Daniel's counsel on how Daniel could verify that signatures on the petition were invalid where he did not determine that there was a voter signature on file in the first instance or that it was not similar to a signature that was on file. Daniel's counsel responded that Daniel did not have to verify the signature, he only had to file the objection and then the Board would order the county clerk to do a binder check. After

the clerk reported back to the Board, the Board would then know whether the objection was sufficient and Daniel would "live with the result." Counsel for the objector told the Board to "check out the signatures, if they're correct and they are what they say they are, the objection goes away." The Board rejected this argument and inquired whether counsel had anything further to offer. Petitioner's counsel did not request a continuance to have Daniel appear and address these questions and he did not object when the Board moved to dismiss the objection. The motion to dismiss was approved unanimously.

¶ 11 On February 5, 2015, the Board again voted unanimously to dismiss Daniel's objection, it issued a written decision dismissing the objector's petition, declared Daly's nomination papers valid and ordered Daly's name to be placed on the April 7, 2015 ballot.

¶ 12 On February 6, 2015, petitioner sought judicial review of the Board's decision by the circuit court of Cook County. Petitioner alleged that the Board's decision must be reversed because: (1) the Board was illegally and improperly constituted; and (2) its decision was unsupported and arbitrary. On March 3, 2015, the circuit court dismissed the complaint for administrative review and affirmed the decision of the Board. Later that day, petitioner filed a notice of appeal.

¶ 13                                                      ANALYSIS

¶ 14 On appeal from judicial review of an electoral board's decision, we review the electoral board's decision rather than that of the circuit court. *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 46; *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212 (2008). The applicable standard of review in reviewing the Board's decision depends on whether the question presented is one of fact, law or a mixed question of law and fact. *Hamm v. Township Officers of the Township of Bremen Electoral Board*, 389 Ill. App. 3d 827, 831 (2009).

¶ 15 We begin with petitioner's argument that the Board was not properly constituted at the time it rendered its final decision as required by section 10-9(5) of the Election Code (Code) (10 ILCS 5/10-9(5) (West Supp. 2013)). This issue presents a question of law which we review *de novo*. *Siegel v. Lake County Officers Electoral Board*, 385 Ill. App. 3d 452, 455 (2008).

¶ 16 Section 10-9(5) of the Code establishes the composition of an electoral board and provides:

> "The education officers electoral board to hear and pass upon objections to the nominations of candidates for offices in community college districts shall be composed of the presiding officer of the community college district board, who shall be the chairman, the secretary of the community college district board and the eligible elected community college board member who has the longest term of continuous service as a board member." 10 ILCS 5/10-9(5) (West Supp. 2013).

¶ 17 Here, the Board's written decision identifies its three members, "Hon. Frank M. Zuccarelli, Board Chairman and Chairperson, Hon. Terry Wells, Board Secretary and Member, and Hon. Anthony DeFilippo, Senior Eligible Trustee and Member," who met for the purpose of hearing and passing upon petitioners' objections. Petitioner contends that Mr. Wells is not the "secretary of the community college district board" and is therefore not eligible to pass on his objection as required by section 10-9(5) of the Code. It is petitioner's contention that Martin Lareau is the secretary of the Board. Because Lareau did not participate in the Board's

decision, petitioner asserts, the Board was illegally constituted and its decision must be reversed.

¶ 18    Respondents contend that in February 2013, Wells was elected to the position of secretary of the board pursuant to section 3-8 of the Public Community College Act (110 ILCS 805/3-8 (West 2008)), and that in 2012, Lareau was appointed secretary *to* the board, and serves in an administrative role. Respondents argue that Wells is a qualified member who sat as Board secretary, as required by section 10-9(5) and, therefore, the Board was duly constituted when it voted to dismiss the objector's petition. We agree with the Board and find that the Board was properly constituted.

¶ 19    Pursuant to section 3-8 of the Public Community College Act (Act) (110 ILCS 805/3-8 (West 2008)), on or before the twenty-eighth day following an "election and canvass," the elected trustees of an electoral board shall convene and elect one of their fellow elected trustees to the position of "secretary of board" for a two-year term. The instant record does not contain a record of Wells' election as secretary of the Board. However, the record does contain a copy of the minutes of the Board's June 14, 2012, meeting where the Board voted affirmatively on the "[a]ppointment of Martin Lareau as Secretary to the Board of Trustees." The record further supports the conclusion that Lareau served as secretary *to* the Board in an administrative capacity and not as secretary *of* the Board as an elected trustee. The transcripts of the Board's hearings in this matter identify Wells as one of three Board members conducting the proceedings and there are repeated references to Lareau being present at the hearing in the capacity of "VP of Administration." During the course of the hearing, Lareau conducted the roll call and performed other administrative duties, but he did not otherwise participate. In contrast, the record identifies Wells as a board member and shows that he was involved in questioning the parties' attorneys, discussing the sufficiency of the petition and the issues presented in the motion to dismiss and casting a vote to dismiss petitioner's objection.

¶ 20    Petitioner argues that Lareau held himself out to the public as secretary of the Board evidenced by two letters appearing in the record that he signed as "Secretary."[2] However, also appearing in the record are various legal notices and official Board documents, including its rules and the Board's written decision, that identify Mr. Wells as "Board Secretary and Member." From the record before us, we find no merit in petitioner's argument that Lareau was the "Secretary of the Board." Accordingly, we find that the Board was duly constituted at the time it decided to dismiss petitioner's objections.

¶ 21    Next, petitioner argues that Stanley T. Kusper, attorney for the Board, improperly "sat" on the Board during the hearings on petitioner's objections and improperly examined witnesses during the relevant hearings.

¶ 22    The Board disputes petitioner's contention and argues that the Code authorizes an electoral board to adopt procedural rules and to appoint an attorney for the board who may examine witnesses and advise the board on evidentiary matters. We agree with the Board that Mr. Kusper acted properly as an advisor and attorney for the Board throughout this proceeding. Section 10-10 of the Code provides that an "electoral board on the first day of its meeting shall adopt rules of procedure." 10 ILCS 5/10-10 (West Supp. 2013). At the January 8, 2015, initial hearing on petitioner's objections, the Board approved its rules. In section 14 of the rules, Kusper is named as the Board's attorney. Section 3(c) of the rules provides that, in addition to

---

[2]We observe that other Board documents also reference Lareau as the "Clerk" of the Board.

the Board, "[t]he Board's attorney may also examine witness." Section 11 of the rules provides that the "Chair, with the assistance of the Board's attorney, shall make all necessary evidentiary rulings, subject to appeal to the entire Board."

¶ 23 The record reflects that these rules were available to petitioner's counsel at all relevant times. The transcripts show that Mr. Kusper and petitioner's counsel briefly discussed one of the rules. At no point did petitioner's counsel make any substantive objection to these rules or to Kusper's participation in the proceedings as the attorney for the Board. Mr. Kusper did not move any question or vote on any motion. Nor has petitioner made any substantive argument or citation to any case law that, to the extent that Mr. Kusper arguably "participated" in these hearings, he was prejudiced thereby. The failure of an appellant to fully develop an argument with adequate legal and factual support provides a basis to dismiss the appeal. *In re Guardianship Estate of Tatyanna T.*, 2012 IL App (1st) 112957, ¶ 17; *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). We find no merit in petitioner's argument that Kusper's participation during the Board's hearings requires our reversal of the Board's decision.

¶ 24 Next, petitioner argues that the Board's decision was arbitrary and contrary to the law because the Board's sole basis for dismissing his objections was that petitioner did not personally conduct a records examination before filing his objections, an act the Code does not require him to do. We review this question *de novo*. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003) (we review *de novo* rulings on motions to dismiss raised under sections 2-615 and 2-619 of the Code of Civil Procedure).

¶ 25 Respondents contend that Daly moved to dismiss the petition on the basis that it was a "shot-gun" objection to Daly's nomination papers and that the line-by-line objections were arbitrary, not sufficiently articulated and, therefore, the petition must be dismissed. Respondents contend that we should affirm the Board's dismissal of the petition because petitioner failed to provide evidentiary support for his objections.

¶ 26 Section 10-8 of the Code provides that a candidate's nomination papers "shall be deemed to be valid unless objection thereto is duly made." 10 ILCS 5/10-8 (West 2012). Pursuant to the Code, an "objector's petition *** shall state fully the nature of the objections to the *** petitions in question." 10 ILCS 5/10-8 (West 2012). Objections to a candidate's nomination papers must be resolved by the procedures set forth in the Code and must be resolved at the earliest possible time. *People ex rel. Klingelmueller v. Haas*, 111 Ill. App. 3d 88, 91 (1982). The Code provides a timeline and procedure "to hear and pass upon the objections" to the nomination which "shall not be less than 3 nor more than 5 days after the receipt of the *** objector's petition." 10 ILCS 5/10-10 (West Supp. 2013). The electoral board has "the power to administer oaths and to subpoena and examine witnesses" and require "the production of such books, papers, records and documents" as deemed necessary. 10 ILCS 5/10-10 (West Supp. 2013). The Board decides "whether *** [the] petitions are in proper form," and "in general shall decide whether or not the *** petitions on file are valid or whether the objections thereto should be sustained." 10 ILCS 5/10-10 (West Supp. 2013).

¶ 27 Here, the petitioner alleged that 240 of the 262 signatures to Daly's nominating petition are invalid because either the signators did not reside at the addresses shown in the petition; the signators were not registered to vote at the addresses listed; or the signatures were not genuine. The Board "unanimously voted to sustain [Daly's] Motion to Dismiss the objection[s],"

dismissed petitioner's objections and found that Daly's "nominating papers therefore are in effect in fact and in law."

¶ 28    A candidate's "access to a place on the ballot is a substantial right and [is] not to be lightly denied." *Siegel*, 385 Ill. App. 3d at 460. The burden of proof in contesting nomination papers lies with the objector. *Hagen v. Stone*, 277 Ill. App. 3d 388, 390 (1995). A candidate's nomination papers are deemed valid absent an objection that is in conformity with the requirements of the Election Code. See *Druck v. Illinois State Board of Elections*, 387 Ill. App. 3d 144 (2008). An objector's petition that fails to strictly comply with section 10-8 of the Code is invalid and is subject to dismissal by an electoral board. See *Pochie v. Cook County Officers Electoral Board*, 289 Ill. App. 3d 585 (1997) (failure of the objector to state her residential address showing she resided in the voting district on the face of the objector's petition required dismissal of the petition even though petitioner attested that she resided in the district and was a certified voter).

¶ 29    Given the candidate's substantial right to appear on a ballot and the expedited nature of ruling on objections to nominating petitions, electoral boards are authorized to reasonably employ a commonsense approach in making a preliminary evaluation on the sufficiency of an objection. We see nothing in the Code that prohibits an electoral board from requiring an objector to appear and make a credible showing that there is a good-faith basis for the filed objection. Subject to judicial review, a failure to make a credible showing justifies summary dismissal of an objection.

¶ 30    At the hearing on the candidate's motion to dismiss, Daly's counsel introduced a certified county clerk's voter registration review log which showed that prior to filing his objections, Daniel did not inspect the voter registration records. Daly's counsel argued that the objection was filed without a review of the registration review log by the objector and, therefore, the objector could not have a good-faith basis for claiming a signature was invalid or that a signator was not qualified. Daly argued that petitioner's failure to appear at the hearing, after the Board indicated it could compel his appearance and his counsel agreed to produce him at the hearing, supports an adverse inference against petitioner that his testimony would be detrimental to the facts alleged in the objector's petition. Petitioner's counsel did not refute the clerk's records showing that petitioner did not personally inspect voter registration records prior to filing his objections, insisting that it was not petitioner's duty to check the voter registration records before filing his objections. Instead, petitioner's counsel argued that Daniel need only file a verified petition under section 10-8 of the Code and inform the Board of what he believes is "wrong" with the nomination papers. According to Daniel, having complied with the Code, it was now the Board's duty to order the county clerk to determine whether his stated objections were correct and, if so, determine whether sufficient signatures remained.

¶ 31    Chairman Zuccarelli clearly informed petitioner's counsel that by failing to appear at the hearing, petitioner "didn't follow the requests that were made in front of the Board and we all agreed to." He further explained that the Board should have been notified that Daniel did not intend on appearing and that no one was notified prior to the hearing that petitioner would be absent. Secretary Wells expressed concern over the "lost time" in ruling on the objection because of petitioner's failure to appear and be examined at the hearing. Chairman Zuccarelli concluded that petitioner's counsel had failed to present "anything to the contrary" to refute the allegations in Daly's motion to dismiss and further stated that "[h]e (petitioner) is not here. He

is not available today at this hearing and so, therefore we are missing the opportunity to talk with him, examine him if you will, and find out what he knows and what he doesn't know and what he did and what he didn't do."

¶ 32    An electoral board is empowered to consider the objections made "to a candidate's nomination papers" and the "validity of those objections." (Internal quotation marks omitted.) *Nader v. Illinois State Board of Elections*, 354 Ill. App. 3d 335, 344-45 (2004). The candidate's motion to dismiss the objection put before the Board the question of whether Daniel's objections were in proper form, whether they were valid and whether they should be sustained. See 10 ILCS 5/10-8 (West 2012); see also 10 ILCS 5/10-10 (West Supp. 2013).

¶ 33    The objector to a nominating petition bears the burden of proof. *Carlasare v. Will County Officers Electoral Board*, 2012 IL App (3d) 120699, ¶ 15. Pursuant to the Code and the Board's procedural rules, the Board is permitted to require the attendance of the parties, examine witnesses, direct a party to testify and require the production of evidence in order "hear and pass" on a petitioner's objections to a candidate's nomination papers. *Supra* ¶ 26. In this instance, the Board required petitioner's attendance in order for the Board to determine whether the objector had "knowledge, information and/or belief formed after reasonable inquiry" that 240 out of 262 signatures were invalid where the election records showed he did not inspect the records prior to filing his objection. The Board questioned how Daniel could conclude after a reasonable inquiry that a signature was "forged" when he did not compare the petition signature to the signature contained in the register. The Board did not state that Daniel was required to inspect the records; it questioned Daniel's verified objection that was based on his knowledge, not on information and belief, where the records indicated otherwise. Petitioner had the burden to show, with competent evidence, that the allegations in his verified objection were true. The Board reasonably questioned how Daniel could verify that virtually every signature on the petitions was invalid where Daniel never examined the voter registration records. Daniel refused to appear for questioning at the hearing on the motion to dismiss, after having agreed to do so, thereby failing to support the basis and validity of his objections either through his own testimony or by other competent evidence. Accordingly, the Board permissibly drew a negative inference that petitioner's failure to appear and testify was because petitioner would have offered testimony detrimental to the success of his objection. See *Beery v. Breed*, 311 Ill. App. 469 (1941) (the failure of a party to testify can support the inference that his testimony would have been unfavorable to his interest); see *Canter v. Cook County Officers Electoral Board*, 170 Ill. App. 3d 364, 368-70 (1988) (a negative inference may be drawn from a party's refusal to testify and a trier of fact is not barred from considering a witness's refusal to testify).

¶ 34    Daly moved to dismiss the objection petition on the basis that petitioner's line-by-line objections were overly broad and petitioner had not demonstrated that there was a good-faith basis to ascertain the truth of his objections prior to filing his petition. Given the expedited nature of ruling on objections to nominating petitions, the Board reasonably questioned the nature and basis of the objection after it was presented with a facially reasonable argument that the objection was not filed in good faith. Because the objector did not appear to answer question surrounding the basis of his objection which, if sustained, would disqualify the candidate, we cannot conclude the Board acted contrary to its authority. The record is clear that Daniel was afforded an opportunity to persuade the Board that his objection was meritorious and that he could meet his burden proof. The Board properly drew an adverse inference from

Daniel's failure to appear and, after consideration of the objector's petition, Daly's motion to dismiss and the arguments of counsel, the Board sustained Daly's motion to dismiss the objections. Based on the record before us, we do not believe that the Board's decision was arbitrary and not grounded in the law.

¶ 35                                      CONCLUSION
¶ 36       For the foregoing reasons, the judgment of the circuit court of Cook County, affirming the decision of the Education Officers Electoral Board, which dismissed petitioner's objections, is affirmed.

¶ 37       Affirmed.