2018 IL App (1st) 180321
No. 1-18-0321
February 28, 2018

SECOND DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ALAN NEAL, | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 COEL 09 |
| | ) | |
| THE COOK COUNTY OFFICERS | ) | The Honorable |
| ELECTORAL BOARD AND ITS MEMBERS; | ) | Robert W. Bertucci, |
| DAVID ORR, Cook County Clerk, by His | ) | Judge Presiding. |
| Designee Daniel P. Madden, Chairman; | ) | |
| KIMBERLY FOXX, Cook County State's | ) | |
| Attorney, by Her Designee Sisavahn Baker, | ) | |
| Member; DOROTHY BROWN, Cook County | ) | |
| Clerk of the Circuit Court, by Her Designee | ) | |
| Gloria Legette, Member; DAVID ORR, in His | ) | |
| Official Capacity As Cook County Clerk; and | ) | |
| ANTHONY JOHNSON, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

PRESIDING JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justices Pucinski and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1 Anthony Johnson filed nomination papers for the office of Cicero Township committeeman. Alan Neal filed an objection to the papers on grounds that the nomination petitions stated that the signers were electors in the Township of Oak Park, not Cicero

Township. The Cook County Officers Electoral Board (Board) denied the objection, and the circuit court affirmed. We find that the inconsistency on the face of the petition renders it invalid, and therefore we reverse the Board's decision and order the Board to remove Johnson's name from the March 20, 2018, General Primary Election ballot.

¶ 2                                                    BACKGROUND

¶ 3          Anthony Johnson sought to run as the Green Party's candidate for the office of Cicero Township committeeman. He circulated the following petition:

> "We, the undersigned, members of and affiliated with the Green Party and qualified primary electors of the Green Party, in the Township of Oak Park, in the County of Cook, and State of Illinois, do hereby petition that the following named person or persons shall be a candidate(s) of the Party for the nomination/election for the office or offices hereinafter specified to be voted for at the Primary Election to be held on March 20, 2018.

| NAME | OFFICE | | ADDRESS & ZIP CODE | |
|---|---|---|---|---|
| Anthony Johnson | Cicero Township Committeeman 4-year term | | 1819 S. 59th Court Cicero, IL 60804 | |
| | | | | |
| Signature of Voter | Printed Name | Voter's Residence Address | City | County, State |
| 1 Anthony Johnson /s/ | Anthony Johnson | 1819 S. 59th Court | Cicero | Cook, IL |
| 2 Veronica Lopez /s/ | Veronica Lopez | 1819 S. 59th CT | Cicero | Cook, IL |
| 3 Francisco Belmonte /s/ | Francisco Belmonte | 1819 S. 59th CT | Cicero | Cook, IL |
| 4 Adolfo Belmonte /s/ | Adolfo Belmonte | 1819 S. 59th CT | Cicero | Cook, IL |
| 5 Juan Ochoa /s/ | Juan Ochoa | 5233 W 29th PL | Cicero | Cook, IL |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |

> State of Illinois                                )
>                                                         SS.
> County of Cook                                )
> [I,] Anthony Johnson do hereby certify that I reside at 1819 S. 59th Court, in the Township of Cicero, Zip Code 60804, County of Cook, State of Illinois

that I am 18 years of age or older, that I am a citizen of the United States, and that the signatures on this sheet were signed in my presence, not more than 90 days preceding the last day for filing of the petitions, and are genuine, and that to the best of my knowledge and belief the persons so signing were at the time of signing the petition qualified voters of the Green Party in the political division in which the candidates are seeking elective office, and that their respective addresses are correctly stated as above set forth.

Anthony Johnson/s/
Signature of Circulator"

¶ 4      Alan Neal filed an objection to the nomination papers, arguing that the petition did not substantially comply with the requirements of the Election Code (Code) (10 ILCS 5/1-1 *et seq.* (West 2016)). The Code provides:

"The name of no candidate for \*\*\* township committeeman \*\*\* shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in substantially the following form:

We, the undersigned, members of and affiliated with the .... party and qualified primary electors of the .... party, in the .... of ...., in the county of .... and State of Illinois, do hereby petition that the following named person or persons shall be a candidate or candidates of the .... party for the nomination for (or in case of committeemen for election to) the office or offices hereinafter specified, to be voted for at the primary election to be held on (insert date).

| Name | Office | Address |
| --- | --- | --- |
| John Jones | Governor | Belvidere, Ill |

\*\*\*

3

> I, ...., do hereby certify that I reside at No. .... street, in the .... of ....,
> county of ...., and State of ...., that I am 18 years of age or older, that I am a
> citizen of the United States, and that the signatures on this sheet were signed
> in my presence, and are genuine, and that to the best of my knowledge and
> belief the persons so signing were at the time of signing the petitions
> qualified voters of the .... party, and that their respective residences are
> correctly stated, as above set forth." 10 ILCS 5/7-10 (West 2016).

¶ 5       Neal argued that, because the petition's preamble, in its first two sentences, identified the undersigned voters as "primary electors of the Green Party, in the Township of Oak Park," the petition showed on its face that the petitioners lacked authority to nominate Johnson for the office of Cicero Township committeeman.

¶ 6       A hearing officer agreed with Neal, finding that the petition's preamble conflicted with the circulator's affidavit and created confusion. The Board rejected the hearing officer's recommendation of declaring Johnson's nomination papers invalid. The Board held:

> "As to the matter of potential confusion in the Candidate's Petition, we believe that
> the controlling law is found in *Nolan v. Cook County Officers Electoral Board*, 329
> Ill. App. 3d 52 (1st Dist. 2002). In *Nolan*, the candidate failed to put the district in
> which he was running into the heading of his petition sheets. That information,
> however, was available elsewhere on the petition sheet, in the box on the petition
> sheet form, much as we see in this case. Here, we see the *** Township set out in
> the 'Office' box."

4

¶ 7        Neal appealed to the circuit court, and the circuit court affirmed the Board's decision. Neal now appeals to this court.

¶ 8                                                ANALYSIS

¶ 9        We review the decision of the Board and not the decision of the circuit court. *Schwartz v. Kinney*, 2016 IL App (3d) 160021, ¶ 11. The parties do not dispute the facts, and the case presents purely a legal question. Accordingly, we review the Board's decision *de novo*. *Schwartz*, 2016 IL App (3d) 160021, ¶ 12.

¶ 10       The Board relied on *Nolan* as authority for finding the petition sufficient. In *Nolan*, the heading of the nominating petitions did not specify where the signatories could vote. The petitions said:

"We, the undersigned members of and affiliated with the DEMOCRATIC PARTY and qualified primary voters of the DEMOCRATIC PARTY in the State of Illinois, do hereby petition that the following named person shall be a candidate of the DEMOCRATIC PARTY for nomination to the office hereinafter specified ***

| Name | Address | Office | District | Party |
|------|---------|--------|----------|-------|
| MARY NOLAN | 10338 SOUTH PARKSIDE UNIT 23 OAK LAWN, IL 60453 | STATE SENATOR | 18th SENATORIAL DISTRICT | DEMOCRATIC |
| | | | STATE OF ILLINOIS" | |

*Nolan*, 329 Ill. App. 3d at 53.

¶ 11       The *Nolan* court held that the petitions sufficiently complied with the Election Code. The court said:

"Although Nolan's circulator's affidavit is itself devoid of any reference to the 18th legislative district, this court may incorporate by reference into a circulator's affidavit language contained elsewhere in a nominating petition in order to satisfy a certification requirement under the Election Code. ***

*** In arguing against a finding of substantial compliance, Donnelly steadfastly maintains that '[n]owhere in the petitions is any reference made to the *signers* being residents of the 18th Legislative District.' (Emphasis in original.) We disagree. First, Nolan's circulator's affidavit certifies that all of the signers were 'qualified voters.' ***

Second, the prefatory language present on each of the signature sheets states that the signers are all 'qualified *primary* voters,' and limits the signers' request for Nolan's nomination to the '*office hereinafter specified*.' (Emphasis added.) The office clearly specified on the next line of each signature sheet is that of state senator for the '18th senatorial district.' ***

One cannot be a 'qualified primary voter' for the office of Illinois senator for the 18th legislative district *unless* one resides in that district. ***

We conclude that by including: (1) the phrase 'qualified voters' in her circulator's affidavit; (2) the phrase 'qualified primary voters' in the prefatory language of her signature sheets; and (3) the limiting reference to the '18th senatorial district,' Nolan substantially complied with the certification requirement." (Emphases in original.) *Nolan*, 329 Ill. App. 3d at 56-57.

6

¶ 12        Neal argues that we should distinguish *Nolan* on grounds that the petition here, unlike the petition in *Nolan*, presents two inconsistent identifications of the district where the signatories can vote. The preamble says the signatories vote in Oak Park Township, but the circulator's affidavit asserts that, as far as he knows, the signatories can vote for Cicero Township committeeman, a privilege reserved for Cicero Township voters. Neal argues that the case bears more similarity to *Schwartz*, 2016 IL App (3d) 160021. In *Schwartz*, Jack Schwartz had his name typed on all of the nominating petitions as the circulator. However, his wife, Amy, signed several of the petitions in the space for the circulator's signature. The *Schwartz* court held that the petitions did not comply with the requirement that the circulator must sign the circulator's statement. The *Schwartz* court said, "because the affidavit contains two different names (petitioner's typed name and Amy's signature), we find the petitions to be *facially* invalid." (Emphasis in original.) *Schwartz*, 2016 IL App (3d) 160021, ¶ 15. The court further held that the testimony of Jack and Amy did not prove substantial compliance with the Election Code.

¶ 13        The *Schwartz* court specifically distinguished *Nolan*:

> "The court in *Nolan* held that while the circulator's affidavit was devoid of any reference to the specific legislative district, such information could be gleaned from information found elsewhere in the nominating petition. [Citation.] The petitions in the instant case, however, do not offer any information clarifying the ambiguity as to the identity of the circulator." *Schwartz*, 2016 IL App (3d) 160021, ¶ 20.

¶ 14    *Nolan* did not hold that the Board could ignore the assertions formally made in the nomination papers. From *Nolan* and *Schwartz*, we find support for the principle that the Board may look anywhere in the nominating petition to find the necessary information not presented in its usual place on the petition but the Board cannot ignore erroneous or inconsistent assertions on the petitions. *Schwartz*, 2016 IL App (3d) 160021, ¶ 15; *Nolan*, 329 Ill. App. 3d at 56-58.

¶ 15    In *Sullivan v. County Officers Electoral Board of Du Page County*, 225 Ill. App. 3d 691, 692-94 (1992), Hugh Murphy sought to run for the office of Republican precinct committeeman in precinct 129 of York Township in Du Page County. Sullivan contended that "Murphy's name should have been removed from the primary ballot because his statement of candidacy erroneously listed the office sought as precinct committeeman for precinct 129 of Oak Brook Township." *Sullivan*, 225 Ill. App. 3d at 692. The nominating petitions said that Murphy was seeking election to the office of Republican precinct committeeman for precinct 129 of York Township, but the statement of candidacy attached to the petitions erroneously listed the office sought as precinct committeeman for precinct 129 of Oak Brook Township. The *Sullivan* court said:

> "There is no Oak Brook Township. Precinct 129 of York Township is, however, located in the Village of Oak Brook.
>
> ***
>
> *** [T]he candidate's error in his statement of candidacy in the case at bar does not create any confusion as to the office for which his nominating papers were filed. Because

Murphy could not possibly be seeking office in Oak Brook Township, which does not exist, it is obvious that he is seeking office in York Township, as stated four times in his nominating petition." *Id.* at 693-94.

¶ 16     Here, the signatories all signed a statement asserting that they were "electors *** in the Township of Oak Park." Because there is a Township of Oak Park (see Oak Park Township Homepage, http://www.oakparktownship.org (last visited Feb. 27, 2018)), we cannot ignore the assertion as an impossibility. The circulator's affidavit asserts that the signatories, "to the best of [his] knowledge and belief *** were at the time of signing the petitions qualified voters *** in the political division in which the candidates are seeking elective office." Because Johnson sought elective office in Cicero Township, the affidavit, under the reasoning of *Nolan*, asserts that the circulator believed that the signatories could vote in Cicero Township. The affidavit conflicts with the assertion in the petition's preamble that the signatories could vote in Oak Park Township. The "conflict or inconsistency" on the face of the petition created a "basis for confusion." See *Lewis v. Dunne*, 63 Ill. 2d 48, 53 (1976).

¶ 17     The courts and the Board should not ignore erroneous or inconsistent assertions in nominating petitions, even when we believe we can determine which assertions the signers intended to make and which they did not intend to make. The signatories asserted their affiliation with the Green Party only in the preamble, and not anywhere else in the petition. Thus, if we ignore the preamble completely, the signatories never asserted that they were "affiliated with the Green Party." Without that assertion, they had no authority to nominate Johnson to run as the Green Party candidate. While we can correct omissions, and ignore

9

impossible assertions, we cannot ignore positive assertions in a nominating petition. Due to the inconsistency on the face of the nominating petition here, we must reverse the circuit court's judgment and the Board's decision and order the Board to remove Johnson's name from the March 20, 2018, General Primary Election ballot.

¶ 18                                    CONCLUSION

¶ 19        When petitioners sign a petition stating that they are electors in Oak Park Township, the petition cannot validly support a candidacy for the office of Cicero Township committeeman. Accordingly, we reverse the circuit court's judgment and the Board's decision and order the Board to remove Johnson's name from the March 20, 2018 General Primary Election ballot.

¶ 20        Reversed with directions; mandate to issue immediately.